IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIK SHABAZZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cv-00102-SMY |
| | ) |
| C/O FRENCH | ) |
| and C/O HOLLIS, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

Plaintiff Malik Shabazz, an inmate in the Illinois Department of Corrections and currently confined at Joliet Treatment Center, filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Lawrence Correctional Center.[1]  This severed case involves Plaintiff's a claim against Officers French and Hollis for allegedly causing Plaintiff to fall and injure himself on February 3, 2023 (Count 13).  This matter is now before the Court for preliminary review of Count 13 in the Complaint[2] pursuant to 28 U.S.C. § 1915A, which requires the Court to dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant.  *Id*.

## **The Complaint**

Plaintiff makes the following allegations in connection with Count 13 (Doc. 2, pp. 15-16): Plaintiff is a partially paralyzed inmate who is confined to a wheelchair as a result of old gunshot wounds that left bullets lodged in his body.  *Id*. at 15.  While confined at Lawrence, Plaintiff was issued a permit for an ADA attendant to assist him with daily tasks.  However, no attendant was

---

[1] This case was severed from *Shabazz v. Jeffreys, et al.*, No. 23-cv-03005-SMY (Doc. 1).
[2] The Complaint filed as Document 2 in this case is the Second Amended Complaint filed as Document 14 in *Shabazz v. Jeffreys, et al.*, No. 23-cv-03005-SMY.

assigned to help him on February 3, 2023, when he soiled himself and required a shower. *Id*. at 15. Hollis and French made Plaintiff clean himself in the sink. *Id*. at 16. In the process, Plaintiff fell from his wheelchair and broke a rib. He was not taken to a hospital for diagnosis or treatment for four days. By then, Plaintiff also developed a lung infection that was caused by movement of a residual bullet in his body cavity. *Id*.

Based upon these allegations, the Court designated the following claim as Count 13:

Count 13: Eighth Amendment claim[3] against French and Hollis for subjecting Plaintiff to unconstitutional conditions of confinement on or around February 3, 2023, including the denial of access to a shower and medical care for injuries he sustained while "showering" himself in the sink.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[4]

## Discussion

Adequate washing facilities and medical care are among those "minimal civilized measure[s] of life's necessities" guaranteed to prisoners under the Eighth Amendment. *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Plaintiff alleges that Hollis and French denied him access to a shower following an episode of incontinence and caused him to fall and break a rib while washing himself in a sink. These allegations are sufficient to state an Eighth Amendment claim; Count 13 will receive further review against Defendants Hollis and French.

---

[3] Plaintiff did not bring this claim under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*., or Rehabilitation Act (Rehab Act), 29 U.S.C. §§ 794–94e, and he did not name the appropriate defendant in connection with an ADA/Rehab Act claim. *Jaros*, 684 F.3d at 670 (citing 29 U.S.C. § 794(b); 42 U.S.C. § 12131) (proper defendant for this claim is the relevant state department, agency, or its director in an official capacity). Accordingly, an ADA/Rehab Act claim are considered dismissed without prejudice from this action.

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Disposition**

The Complaint (Doc. 2) survives screening pursuant to 28 U.S.C. § 1915A, and **COUNT 13** will proceed against Defendants **HOLLIS** and **FRENCH**, in their individual capacities.

As for Count 13, the Clerk of Court shall prepare for Defendants **HOLLIS** and **FRENCH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Memorandum and Order Severing Case (Doc. 1), the Complaint (Doc. 2), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file a timely responsive pleading to the Complaint (Doc. 2) and shall not waive filing a reply. 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court

and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs.  Failure to comply with this order may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**The Clerk is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**DATED**:  **May 9, 2024**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

Once identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint.  After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint.  It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more.  When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied.  Plaintiff need not submit evidence to the Court at this time.